12571

HALL v. GRAND LODGE K. OF P. OF S. C.

(146 S. E., 416)

*Mr. N. J. Frederick,* for appellant,

*Mr. George Warren,* for respondent,

January 30, 1929.

The opinion of the Court was delivered by MR. JUSTICE STABLER.

Under the facts of this case, as stated in the order of the Circuit Court, the trial Judge correctly held that the plaintiff, Beatrice Hall, is a person dependent upon the member of a fraternal association within the meaning of Section 4151 Vol. 3, Code, 1922, and could be lawfully designated as beneficiary, and was so designated.

The Section of the Code provides:

"The payment of death benefits shall be confined to wife, husband, relative by blood to the fourth degree, ascending or descending, stepfather, stepmother, stepchildren, children by

legal adoption, or to a person or persons dependent upon the member. * * * Within the above restrictions each member shall have the right to designate his beneficiary, and from time to time have the same changed in accordance with the laws, rules or regulations of the association. * * * Provided, That any association may, by its laws, limit the scope of beneficiaries within the above classes."

If the beneficiary named is a member of one of the classes mentioned in the statute, the designation is valid. Under the terms of the statute, the person designated need not be a relative of the member in order to fall within the "dependent" class; and so an illegitimate child may be eligible as a "dependent," if the facts of the case bring it within that class. In the case at bar, the designated beneficiary, Beatrice Hall, was recognized by the member, and was kept in his own home by him as one of the family, and was living with him at the time of his death, and dependent upon him for support.

With respect to the words "person or persons dependent upon the member," as used in a statute pertaining to beneficiaries, it has been held that one who is partially and regularly dependent on such member for support comes within the statute. The designation "dependent," however, is sometimes given a strict construction, and in such case, to come within the class, one must be dependent upon the member in a material degree. Even under a strict construction of the term, however, the plaintiff in this case, under the admitted facts, was eligible as a dependent, and could be lawfully designated as beneficiary. That the member so designated her cannot be doubted.

On this ground the order of the trial Judge is affirmed.

Mr. Chief Justice Watts and Messrs. Justices Cothran, Blease, and Carter, concur.